```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

| | |
|---|---|
| **BRAGANZA ASSOCIATES, P.C.,**   )<br>                               )<br>    Plaintiff,                )<br>                               )<br> v.                            )<br>                               )<br>**MOST REVEREND WILLIAM R.**    )<br>**HOUCK, Trustee for SAINT**    )<br>**JOSEPH CATHOLIC CHURCH,**     )<br>                               )<br>    Defendant.                 )   | No. 10-00049 |

### ORDER CONFIRMING PLAINTIFF'S ARBITRATION AWARD

Before the court is Plaintiff Braganza Associates, P.C.'s ("Braganza") petition and application to confirm an arbitration award against the Reverend William R. Houck, Trustee for Saint Joseph Catholic Church ("Houck"). (Pet. and Application to Confirm Arbitration Award, ECF No. 1 ("Pet.").) On September 12, 2011, this Court deferred ruling on Braganza's petition until it had submitted proof of its arbitration award (Order Directing Plaintiff to Submit Proof of Arbitration Award, ECF No. 4.) Braganza did so on September 14, 2011. (Am. Pet. and Application to Confirm Arbitration Award, ECF No. 5; Arbitrator's Decision and Ex Parte Award, ECF No. 5-1 ("Arbitrator's Decision").) For the following reasons, the Court GRANTS Braganza's petition.

"Normally, confirmation of an arbitration award is a 'summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'"  D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (quoting Florasynth, Inc. v. Pickholz, 650 F.2d 171, 176 (2d Cir. 1984)).  Because "the standard for reviewing arbitration awards 'is one of the narrowest standards of judicial review in all of American jurisprudence,'" the party opposing confirmation of an arbitration award bears a heavy burden.  Mich. Family Res., Inc. v. SEIU Local 517M, 438 F.3d 653, 656 (6th Cir. 2006) (quoting Tenn. Valley Auth. v. Tenn. Valley Trades & Labor Council, 184 F.3d 510, 514-15 (6th Cir. 1999).  A court's review of an Arbitrator's decision is "strikingly deferential," and courts review "only to determine whether the Arbitrator was arguably construing or applying the contract and acting within the scope of his authority."  Bixby Med. Ctr., Inc. v. Mich. Nurses Ass'n, 142 F. App'x 843, 845 (6th Cir. 2005).  So long as the Arbitrator does not "commit fraud, have a conflict of interest, or otherwise act dishonestly" a court must uphold the arbitration award.  Mich. Family Res., Inc. v. SEIU Local 517M, 475 F.3d 746, 753 (6th Cir. 2007).

Houck initially demanded mediation, which occurred on September 17, 2008.  (Pet. ¶ 7.)  The mediation was unsuccessful, and Braganza moved for arbitration pursuant to the

2

parties' contract on May 5, 2009. (Id. ¶ 8.) Although Houck's counsel took part in preliminary hearings (Arbitrator's Decision 2), neither Houck nor his counsel appeared at the August 12, 2010 arbitration hearing. (Id. 3.) At that hearing, Braganza submitted its contract with Houck and unpaid invoices to the Arbitrator as evidence. (Id.) Houck submitted no evidence, and he did otherwise participate. (Id.) The Arbitrator gave Houck until September 10, 2010, to respond to Braganaza's claims and evidence (Id.) Houck did not respond. (Id.) On October 8, 2010, the Arbitrator issued his award for $145,824.32 and an additional sum of $6,382.50 for the cost of arbitration. (Id. 4.) Braganza filed its petition on November 22, 2010. (Petition ¶ 10.)

Houck has failed to submit any evidence in this court that the Arbitrator committed fraud "or otherwise act[ed] dishonestly." Mich. Family Res., Inc., 465 F.3d at 753. Indeed, Houck has failed to respond to the petition.

The Arbitrator rendered his decision on October 10, 2010, and Braganza filed its petition on November 22, 2010. The contract between Braganza and Houck explicitly states that

> [c]laims, disputes and other matters . . . shall be decided by arbitration which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect.

3

(Standard Form of Agreement Between Owner and Architect with Standard Form of Architect's Services § 1.3.5.2, ECF No. 1-1.) Because Plaintiff filed its petition within one year of the Arbitrator's award and the parties' agreement provides for such an award, this Court has jurisdiction to issue an order of confirmation.  9 U.S.C. § 9.

Braganza's Petition to Confirm the Arbitration Award is GRANTED and the award is CONFIRMED in the amount of $145,824.32, plus interest on the arbitration award at 10% per annum pursuant to Tennessee Code Annotated § 47-14-103 and $6,832.50 for the cost of arbitration.

So ordered this 29th day of September, 2011.

```
                                    s/ Samuel H. Mays, Jr.
                                    SAMUEL H. MAYS, JR.
                                    UNITED STATES DISTRICT JUDGE
```